UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

Emory Butler,

                                                                         Plaintiff,

                  -against-

The City of New York, Police Officer ("PO") Jimmy Jeanmary, Shield 11870, PO Denisha Pierre, Shield 12632, PO Ricardo S. Louis, Shield No. 17460, and John and Jane Does 1-5 (employees not yet known of the New York City Police Department),

                                                                    Defendants.

---------------------------------------------------------------------------X

**Civil Action No.**
1:24-cv-6318

**COMPLAINT**

       Plaintiff Emory Butler, by and through his attorney, Abe George, Esq., of the Law Offices of Abe George, P.C., complaining of the defendants herein, upon information and belief, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

       1.     June 24, 2023, would be a day that Plaintiff Emory Butler would never forget. Emory, who was 33 years old and in excellent health, had just finished a long night shift at FedEx and was on the way to the East 105th Street elevated "L" train subway station in Canarsie, Brooklyn, to go see his girlfriend. NYPD officers positioned within the subway station erroneously believed that Emory had a marijuana cigarette in his hand, and while trying to effectuate his arrest for non-criminal behavior, slammed Emory's head into the ground multiple times, causing him to suffer a traumatic brain injury that continues to cause Emory, uncontrollable brain seizures and other bodily harm.

       2.     This is a civil rights action stemming from false arrest, excessive force, and malicious prosecution claims in which the Plaintiff seeks relief for the defendants' violations of his rights secured

1

by 42 U.S.C. § 1983, by the United States Constitution, including its Fourth, and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

3. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

6. Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## PARTIES

7. At all times relevant to this action, Plaintiff is and was a resident of Kings County, New York in the Eastern District of New York.

8. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as Defendant CITY OF NEW YORK's agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers.

9. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of Police Officer ("PO") Jimmy Jeanmary, Shield 11870, PO Denisha Pierre, Shield 12632, PO Ricardo S. Louis, Shield No. 17460, and John and Jane Does 1-5 (employees not yet known of the New York City Police Department).

10. PO Jimmy Jeanmary, PO Denisha Pierre, PO Ricardo S. Louis, and John and Jane Does 1-5, are and were, at all times relevant herein, duly appointed and acting officers, servants, employees, and agents of the New York City Police Department (hereinafter "NYPD"), a municipal agency of defendant City of New York.

11. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York.

12. The actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

13. Defendant City of New York is liable for the actions of their officers under the doctrine of respondent superior.

14. Plaintiff is suing the defendant officers in their individual and official capacities.

## NOTICE OF CLAIM

15. Plaintiff timely filed a Notice of Claim on or about September 21, 2023, with the Comptroller of the City of New York, setting forth the facts underlying plaintiffs' claims against Defendant City of New York.

16. On or about March 14, 2024, a 50-h hearing was held and to date, Plaintiff has received no answer, and no compensation by Defendant City of New York in response to his claim.

## STATEMENT OF FACTS

17. On or about June 24, 2023, at approximately 7:40AM Plaintiff was lawfully inside of the East 105th Street elevated "L" train subway station in Canarsie, Brooklyn when PO Jimmy

Jeanmary, Shield 11870, started verbally harassing Plaintiff over PO Jeanmary's erroneous belief that Plaintiff had a marijuana cigarette in his hand.

18. Upon information and belief PO Jeanmary then physically assaulted claimant and a short time later PO Denisha Pierre, Shield 12632, began to assist PO Jeanmary and joined in the assault against claimant.

19. Upon information and belief PO Jeanmary and/or PO Pierre struck claimant on various parts of his body and one or both officers threw claimant to the ground on his head causing him to pass out.

20. Upon information and belief PO Jeanmary and/or PO Pierre falsely arrested claimant and rather than get claimant medical treatment transported claimant to a police precinct for processing.

21. Upon information and belief Plaintiff was booked under a false name Lahmau Mitchell with the Date of Birth 1/22/83.

22. Several hours after Plaintiff's arrest, and despite repeated denied requests for medical treatment, Plaintiff began to suffer seizures and was finally taken to NYU Langone in Cobble Hill (70 Atlantic Ave, Brooklyn, NY 11201) and was later transferred to NYU Langone Hospital Brooklyn (150 55th St, Brooklyn, NY 11220) where he was admitted.

23. After 5 days in the hospital in police custody Plaintiff was virtually arraigned on June 29, 2023, in front of a criminal court judge for felony charges, falsely sworn to by PO Ricardo S. Louis, Shield No. 17460, which included, inter alia, assault and resisting arrest charges.

24. Upon information and belief bail was initially set on June 29, 2023, but given that the District Attorney failed to present charges to the grand jury on the same date Plaintiff was released on his own recognizance on the 29th.

25. Upon information and belief Plaintiff was overcharged in the criminal court complaint and the charges were falsely made up to try to justify the brutal unjustified assault that Plaintiff sustained.

26. Plaintiff attended several criminal court appearances before the criminal court case was dismissed on February 6, 2024.

27. Prior to his arrest Plaintiff was healthy, happy, gainfully employed 31-year-old male who could workout, run, walk long distances, play basketball, engage in long conversations and spend time in the sun.

28. Ever since his police encounter Plaintiff has been depressed, unemployed, has had difficulty sleeping along with suffering migraines and frequent seizures. Plaintiff can no longer: workout, run, walk for extended period of times, play basketball, have extended conversations or stay out in bright light.

29. Shortly after his arrest Plaintiff was diagnosed with Traumatic Brain Injury and despite medications, Plaintiff continues to suffers migraines and seizures to this day.

30. Plaintiff recently had a newborn child in March of 2024 and his injuries have prevented him from enjoying fatherhood with his child..

**FIRST CLAIM FOR RELIEF: FALSE ARREST**
42 U.S.C. § 1983 and Fourth Amendment
Against All Individual Officer Defendants

31. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. Defendants, acting under color of state law, in stopping Plaintiff without reasonable suspicion which later led to the arrest of Plaintiff without probable cause, and further confinement of

Plaintiff who was conscious of said imprisonment against Plaintiff's will, and without any privilege to do so as is required by the Fourth and Fourteenth Amendments, are liable for violating 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

33. As a direct and proximate result of Defendants' above described unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### **SECOND CLAIM FOR RELIEF: EXCESSIVE FORCE**
42 U.S.C. § 1983 and Fourth Amendment
Against All Individual Officer Defendants Except for PO Ricardo S. Louis

34. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

35. The Individual Officer Defendants fail to deescalate their intial encounter with Plaintiff.

36. The Individual Officer Defendants intentionally touched and/or assaulted Plaintiff.

37. The Individual Officer Defendants' touching of Plaintiff involved the use of excessive force and caused and/or exacerbated serious injuries to Plaintiff as described above.

38. Plaintiff did not consent to the excessive physical contact by any of the Individual Officer Defendants, and they lacked any legal justification, excuse, or privilege for their conduct.

39. By virtue of the foregoing, the Individual Officer Defendants each deprived Plaintiff of his Fourth Amendment right under the United States Constitution to be free of the excessive use of force.

## **THIRD CLAIM FOR RELIEF: MALICIOUS PROSECUTION**
42 U.S.C. § 1983 and Fourth Amendment
Against All Individual Officer Defendants

40. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

41. By their conduct, as described herein, and acting under color of state law, Defendants while acting in concert with each other, fabricated false allegations against Plaintiff and therefore a criminal proceeding was commenced against the Plaintiff. The criminal proceeding was terminated on or about February 6, 2024, in Plaintiff's favor. There was no probable cause for Plaintiff's arrest and defendant police officers' actions in intentionally filing a false criminal complaint demonstrates that Plaintiff's prosecution was driven by malice.

42. As a result of Defendants' conduct Plaintiff was incarcerated for 5 days, being deprived of his liberty.

43. Consequently, Plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Defendants, individually and severally.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

   a. For compensatory damages of not less than $5 million dollars;
   b. For punitive damages against the individual Defendants;
   c. For reasonable attorneys' fees, together with costs and disbursements, pursuant to 42 U.S.C. §1988 and to the inherent powers of this Court;
   d. Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988
   e. For pre-judgment interest as allowed by law; and
   f. For such other and further relief as this Court may deem just and proper.

Dated: September 10, 2024  **THE LAW OFFICES OF ABE GEORGE, P.C.**
      New York, New York

By:      /s/
    Abe George, Esq.
    99 Wall Street, Suite 3404
    New York, NY 10005
    (P) 212-498-9803
    (F) 646-558-7503
    e-mail: abe@abegeorge.lawyer